IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BRENDA REYNOLDS,<br><br>Plaintiff,<br>v.<br><br>HILLSBORO CHILD WELFARE SERVICES; BEAVERTON CHILD WELFARE SERVICES; OREGON DEPARTMENT OF HUMAN SERVICES – CHILD WELFARE DIVISION; SARA BAILEY, in individual and official capacity; ALLISON COY, in individual and official capacity; LUIS PANIAQUA, in supervisory capacity; MARY DEFREESE, in official capacity; JUDGE KELLY LAMARR, in judicial capacity; TIGARD POLICE DEPARTMENT; and BEAVERTON POLICE DEPARTMENT,<br><br>Defendants. | Case No.: 3:26-cv-01169-AN<br><br>OPINION AND ORDER |

Plaintiff Brenda Reynolds, who is self-represented and thus proceeding pro se, brings this civil rights complaint against numerous agency and individual defendants. All five of plaintiff's claims arise out of child welfare proceedings that impacted plaintiff's ability to interact with her children. In addition to the complaint, plaintiff has also filed an application to proceed without paying filings fees (i.e., in forma pauperis ("IFP")) and a motion for appointment of pro bono counsel. For the reasons stated below, the Court GRANTS plaintiff's IFP application, but finds that the complaint does not state a claim on which relief may be granted. The complaint is therefore DISMISSED pursuant to 28 U.S.C. § 1915(e), with leave to amend, and the motion for appointment of counsel is DENIED as moot. If plaintiff wishes to file an amended complaint correcting the deficiencies identified in this Opinion and Order, she must do within thirty (30) days, i.e., by October 29, 2026.

## LEGAL STANDARD

District courts are authorized by statute to permit a party to commence litigation "without prepayment of fees or security therefor" if that party submits an affidavit showing that, in light of the assets of that party, they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 "applies to all persons notwithstanding" its references to incarcerated litigants. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)). When determining what, if any, filing fee a plaintiff must pay, "'the court may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials.'" *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023) (quoting *Alexander v. Carson Adult High Sch.*, 9 F.3d 1448, 1449 (9th Cir. 1993)).

In addition to permitting litigants to proceed without paying filing fees, Section 1915 also requires a court to dismiss a complaint on its own accord, even before service of process, if it determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). First, a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Second, a complaint fails to state a claim for relief if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Third and finally, a court must dismiss a complaint on immunity grounds once it "has sufficient information to make a determination" that defendants are entitled to absolute or qualified immunity. *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016). When one of these standards is not met, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127.

In determining whether a pro se complaint lacks merit, courts must use "less stringent standards than" those used for "formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Further, "[u]nless it is absolutely clear that no amendment can cure the defect," an unrepresented litigant proceeding IFP is "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU National Labor Organization*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

## BACKGROUND

Plaintiff's allegations all arise out of a child welfare proceeding. Broadly, plaintiff alleges that defendants Hillsboro Child Welfare Services; Beaverton Child Welfare Services; Oregon Department of Human Services ("ODHS") Child Welfare; Tigard Police Department; and Beaverton Police Department (together, the "agency defendants"); alongside defendants Sara Bailey, a child welfare caseworker at ODHS, acting in their individual and official capacity; Allison Coy, a child welfare caseworker at the ODHS, acting in their individual and official capacity; Luis Paniaqua, a "supervisory employee responsible for oversight of child welfare staff," acting in their supervisory capacity; Mary Defreese, an "individual involved in facilitating or coordinating child welfare meetings or proceedings," acting in their official capacity; and Judge Kelly Lamar, acting in their judicial capacity (together, the "individual defendants") violated her parental and procedural by mishandling a child welfare proceeding. Compl., ECF 1, ¶¶ 1-18.

Although plaintiff does not describe the underlying proceedings in much detail, she does allege the following: under Paniaqua's supervision, Bailey and Coy prepared and submitted false reports concerning plaintiff's parenting and the welfare of her children. *Id.* ¶¶ 26, 28. These reports were used in administrative proceedings before Judge Lamarr, in which DeFreese participated, "as a basis for continued state intervention and interference with Plaintiff's parental rights." *Id.* ¶¶ 27, 29, 33. Throughout these proceedings, plaintiff was denied access to key documentation and evidence. *Id.* ¶¶ 30-31, 76-80. Law enforcement agencies, including Tigard Police Department and Beaverton Police Department, also participated in these proceedings "without conducting adequate independent investigation into the

truthfulness or reliability of the underlying allegations." *Id.* ¶ 32. Ultimately, these proceedings "result[ed] in adverse determinations affecting Plaintiff's parental rights." *Id.* ¶ 33. Plaintiff has since suffered ongoing interference with her parental rights and faced significant emotional distress and reputational harm as a result of defendants' actions. *Id.* ¶¶ 34-35.

Based on these allegations, plaintiff alleges five claims for relief: for (1) violation of the Fourteenth Amendment right to due process, pursuant to 42 U.S.C. § 1983; (2) violation of First Amendment rights, pursuant to 42 U.S.C. § 1983; (3) abuse of process under state law; (4) conspiracy to deprive civil rights, pursuant to 42 U.S.C. § 1983; and (5) denial of access to records and evidence. *Id.* ¶¶ 37-83. Plaintiff seeks declaratory judgment, injunctive relief requiring defendants to produce all relevant documentation and enjoining defendants from continuing any unconstitutional practices, one million dollars in compensatory relief, punitive damages, and costs and fees. *Id.* ¶¶ 84-89, A-G.

## DISCUSSION

### A. IFP Application

Plaintiff has satisfied the economic eligibility requirements of 28 U.S.C. § 1915 and her IFP application is granted accordingly. *See generally* Appl. to Proceed in Forma Pauperis, ECF 2. However, as described below, plaintiff's complaint does not establish a legally coherent theory of liability and therefore must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B. Dismissal Under 28 U.S.C. § 1915(e)(2)(B)

Plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B) because she does not state a claim on which relief may be granted and because she seeks monetary relief against defendants who are immune to such relief. The Court analyzes plaintiff's due process, First Amendment, conspiracy, and denial of access claims under Section 1983.[1] As described below, these Section 1983 claims are insufficiently

---

[1] Although plaintiff does not state that her denial of access claim is brought pursuant to Section 1983, plaintiff does allege that "Defendants acted under color of state law within the meaning of 42 U.S.C. § 1983" and that, "[a]s a direct and proximate result of Defendants' conduct, Plaintiff suffered ongoing deprivation of constitutional rights." Compl. ¶¶ 75, 82. The Court thus construes plaintiff's denial of access claim as arising under Section 1983.

pleaded because they are not supported by sufficient factual allegations regarding each defendant's involvement. Certain claims are also insufficient as a matter of law because (1) the individual defendants are entitled to immunity or cannot be held liable for at least part of the actions alleged; (2) the state cannot be held liable for damages under Section 1983; and (3) state court judgments cannot be challenged in federal district courts. All of plaintiff's federal claims must therefore be dismissed. Without the federal claims, this Court does not have federal question jurisdiction over this action. Instead, the Court has only supplemental jurisdiction, which it declines to invoke at this early phase. Plaintiff's state law claim for abuse of process is therefore also dismissed.

1. *Insufficient Factual Allegations*

Plaintiff's complaint does not include sufficient factual allegations to support the plausibility of her Section 1983 claims. "To state a claim under § 1983 a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). "[D]efendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct." *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018) (citing *Chuman v. Wright*, 76 F.3d 292, 295 (9th Cir. 1996)). Vicarious liability is not permitted in Section 1983 suits. *Id.* at 1242. Supervisors may thus be held liable under Section 1983 "only 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).

Plaintiff has not alleged sufficient facts connecting any given defendant to any wrongdoing. Most of plaintiff's allegations speak of the defendants as a single unit. *See, e.g.*, Compl. ¶ 55. Only a few allegations identify which defendant did what, and those allegations are themselves too conclusory to support plaintiff's claims. For example, plaintiff alleges that Bailey and Coy, "acting as child welfare caseworkers, prepared and submitted reports containing false statements, mischaracterizations, and/or omissions regarding Plaintiff's conduct, parenting, and the condition and welfare of Plaintiff's children."

*Id.* ¶ 26. This allegation does not explain what reports Bailey and Coy prepared, what false statements they included, or how the reports mischaracterized plaintiff's conduct. Nor does this allegation make clear that the reports contained false information at all. As pleaded, the reports may only have contained "omissions regarding Plaintiff's conduct, parenting, and the condition and welfare of Plaintiff's children." *Id.*

Plaintiff also alleges that Paniaqua "failed to take corrective action, allowing the continuation of erroneous findings and actions"; that DeFreese "participated in meetings or administrative proceedings in which inaccurate information was relied upon and/or not corrected, contributing to adverse determinations affecting Plaintiff"; and that Judge Lamarr was "involve[ed]" in judicial proceedings that "were conducted based on incomplete or misleading information provided by child welfare personnel and other state actors." *Id.* ¶¶ 28-29, 33. Once again, these allegations lack sufficient factual support. As to the agency defendants, plaintiff only alleges that "law enforcement agencies, including Defendant Tigard Police Department and Defendant Beaverton Police Department, assisted or participated in child welfare-related actions without conducting adequate independent investigation into the truthfulness or reliability of the underlying allegations." *Id.* ¶ 32. That is far too speculative and conclusory to show Tigard Police Department and Beaverton Police Department's involvement in wrongful conduct. *See Sjurset v. Button*, 810 F.3d 609, 618 (9th Cir. 2015) (holding that police officers who carried out, but were not involved in, ODHS's decision to remove children from parents' custody did not violate clearly established law). There are no allegations whatsoever relating to Hillsboro Child Welfare Services and Beaverton Child Welfare Services.

Altogether, plaintiff's allegations are too conclusory and speculative to state a plausible claim for relief against any defendant. She has not provided, for example, the date on which these events occurred, what actions each person took, what was included in the reports at issue, or any factual information about the underlying investigation and proceeding. Further, by asserting multiple claims against multiple defendants without specifying who is responsible for which acts, the complaint confuses the issues and makes it impossible to determine whether any particular defendant may be liable. *See Gibson v. City of Portland*, 165 F.4th 1265, 1288-90 (9th Cir. 2026) (holding that complaints that do not tie specific factual allegations to specific parties and individual causes of action fails "to provide defendants with adequate

notice of plaintiff's claims"). Plaintiff's complaint must therefore be dismissed under Section 1915.

2. *Immunity*

Beyond the factual insufficiencies, certain of plaintiff's claims must also be dismissed for additional reasons, the first of which is immunity. Judges, such as Judge Lamarr, are entitled to absolute immunity for "actions taken in [their] judicial capacity." *Moore v. Urquhart*, 899 F.3d 1094, 1103 (9th Cir. 2018). Additionally, the claims against the individual defendants employed by ODHS must also be dismissed to the extent they are premised on the employees' "quasi-prosecutorial or quasi-judicial functions in juvenile dependency court." *Hardwick v. County. of Orange*, 844 F.3d 1112, 1115 (9th Cir. 2017). Although such employees are not entitled to immunity "'from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury,'" it is not clear from the complaint whether plaintiff is challenging actions beyond the alleged falsification. *Shyrer v. Oregon Dep't of Hum. Servs. Child Welfare*, No. 6:22-cv-01485-MK, 2023 WL 2241896, at *3 (D. Or. Feb. 27, 2023) (quoting *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008)). The individual employees employed by ODHS may therefore be immune from at least some of plaintiff's claims for relief.

3. *State Liability*

The next basis for dismissal is the absence of state liability. States are not persons within the meaning of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). States, therefore, are not subject to Section 1983 liability for damages claims. *See id.* State agencies are also not "'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004).[2] As a state agency, ODHS is thus not subject to Section 1983

[2] The exception to this rule is when state officials are sued for prospective injunctive relief. *Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997) (citing *Ex parte Young*, 209 U.S. 123 (1908) and *Will*, 491 U.S. at 71 n. 10). However, plaintiff's requests for prospective injunctive relief from the state must fail because plaintiff has not alleged a "sufficient likelihood" that she personally will "be injured again" by the conduct she seeks to enjoin. *Sample v. Johnson*, 771 F.2d 1335, 1340 (9th Cir. 1985) (quotations omitted); *see Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999) ("The Supreme Court has repeatedly cautioned that, absent a threat of immediate and irreparable harm, the federal courts should not enjoin a state to conduct its business in a particular way.").

liability for damages claim. *See Shyrer*, 2023 WL 2241896, at *4 ("Because ODHS is not a 'person' subject to Section 1983 and because it is entitled to Eleventh Amendment immunity, the claims against it are dismissed."). Nor are ODHS's employees liable where they have been sued in their official capacity since official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Social Servs.*¸ 436 U.S. 658, 690 n.55 (1978)). When a government employee is sued in their official capacity, the "suit is, in all respects other than name, to be treated as a suit against the [governmental] entity." *Id.* at 166.

4. *State Court Judgment Challenges*

Finally, all of plaintiff's claims must be dismissed to the extent they challenge a state court judgment. District courts, as courts of limited jurisdiction, "ha[ve] no authority to review final judgments of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). This rule is known as the *Rooker-Feldman* doctrine. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *Feldman*, 460 U.S. 462). "*Rooker–Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Id.* District courts must also refuse to hear cases where "the parties do not directly contest the merits of a state court decision" but the "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). *Rooker-Feldman* is a narrow doctrine, confined to cases wherein plaintiffs complain "injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). However, it is also a "powerful doctrine that prevents federal courts from second-guessing state court decisions." *Bianchi*, 334. F.3d at 898.

It is not clear from the complaint whether plaintiff is in fact challenging such a judgment, but it

certainly appears that plaintiff's claims arise at least in some way out of a state court proceeding. To the extent any of those claims seek to disrupt a prior state court judgment, they must be dismissed. *See Bianchi*, 334 F.3d at 901 ("Stated plainly, *Rooker–Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." (citations omitted)).

To the extent that plaintiff's claims seek to challenge ongoing state court proceedings, that challenge is barred by *Younger* abstention. *See Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention applies to actions seeking to enjoin pending state administrative proceedings (as well as state court proceedings) if an important state interest is involved." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003). "Child support and custody proceedings implicate such important state interests that, even independent of *Younger*, 'federal courts are . . . generally prohibited from interfering.'" *Nixon v. Div. of Child Support*, No. 3:25-cv-01969-AN, 2025 WL 3466355, at *3 (D. Or. Dec. 2, 2025) (omission in original) (quoting *Lakhouiri v. Wolke*, No. 1:24-cv-1305-CL, 2024 WL 3791479, at *1 (D. Or. Aug. 13, 2024)).

For all these reasons, plaintiff's Section 1983 claims must be dismissed for failure to state a claim upon which relief may be granted.

5. *Supplemental Jurisdiction*

Having dismissed plaintiff's federal claims, the Court "decline[s] to exercise supplemental jurisdiction" over the remaining state law claim. 28 U.S.C. § 1367(c). The remaining claim for abuse of process is governed by Oregon law and has no nexus to federal questions, meaning no federal interests will be served by proceeding with these claims in federal court. At this early stage of the case, there is also minimal risk of inconvenience or unfairness to the litigants in declining to exercise supplemental jurisdiction. Accordingly, plaintiff's state law claim for abuse of process is also dismissed.

**C. Leave to Amend**

Although plaintiff has not stated a sufficient claim at this time, it is not absolutely clear that it would be impossible for plaintiff to correct many of the identified deficiencies on amendment. Plaintiff is

therefore granted leave to amend. Plaintiff's amended complaint, if she chooses to file one, must address the deficiencies identified in this Opinion & Order and must specifically identify which claims are brought against which defendants based on what conduct. *See Gibson*, 165 F.4th at 1288-90. If plaintiff chooses to file an amended complaint, she is advised to first review the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," available to the public at https://ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself.

**D. Motion for Appointment of Counsel**

Because this Opinion and Order dismisses plaintiff's complaint in its entirety, plaintiff's motion for appointment of counsel is denied as moot. If plaintiff amends her complaint, she may renew her motion for appointment of counsel.

## CONCLUSION

For the reasons stated herein, the Count GRANTS plaintiff's application to proceed in forma pauperis, ECF 2. The Court DISMISSES plaintiff's complaint, ECF 1, for failure to state a claim pursuant to 28 U.S.C. § 1915(e), and DENIES as moot plaintiff's motion for appointment of pro bono counsel, ECF 4. Dismissal is with leave to amend. Any amended complaint must be filed within thirty (30) days of the date of this Opinion and Order, i.e., by October 29, 2026. If plaintiff does not file an amended complaint within thirty days, judgment will be entered without further notice.

IT IS SO ORDERED.

DATED this 29th day of September, 2026.

Adrienne E Nelson

Adrienne Nelson
United States District Judge